IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUIS MARTINEZ :
2923 Waterloo Street
Philadelphia, PA 19121

        Plaintiff : Civil Action No. 2:16-cv-03012-AB
                                      Jury Trial Requested
  v.
CITY OF PHILADELPHIA :
One Parkway Place
1515 Arch Street
Philadelphia, PA 19102 :

  and
POLICE OFFICER, JOSEPH McCook :
Badge No. 6277
individually and in his capacity as a
Philadelphia Police Officer

        Defendants :

FILED
SEP 21 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

## AMENDED COMPLAINT

### I. INTRODUCTION

1. This is a civil rights action brought by the plaintiff, Luis Martinez, under the Civil Rights Act of 1866, 42 U.S.C. §1983 in that defendants violated plaintiff's Fourth and Fourteenth Amendment rights of the federal constitution. Plaintiff seeks injunctive and declaratory relief, damages and attorney's fees to redress his claims.

### II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Venue is based on 28 U.S.C. § 1391 (b). Plaintiff also invokes the

1

pendent jurisdiction of this Court to hear and decide claims arising under the laws of the Commonwealth of Pennsylvania.

## III. PARTIES

3. Plaintiff, Luis Martinez, is a resident of Philadelphia, Pennsylvania, residing at 2923 Waterloo Street.

4. Defendant, City of Philadelphia, is a municipality, organized and existing under the Commonwealth of Pennsylvania Home Rule Charter and is a person within the meaning of 42 U.S.C. § 1983 of the United States Code.

5. Defendant, Officer Joseph McCook was at all times relevant to this action a police officer for the City of Philadelphia and was acting as an agent, servant and employee of the defendant, City of Philadelphia.

## IV. FACTUAL ALLEGATIONS

6. On or about June 18, 2014 plaintiff Martinez was arrested and charged with delivery of a controlled substance, alleged heroin, and other drug related charges.

7. Said arrest warrant was obtained as a result of an affidavit of probable cause submitted and sworn to by defendant Officer McCook.

8. In this affidavit of probable cause defendant Officer McCook swore under oath that:

    a. On or about June 4, 2014 he provided a confidential informant pre-recorded buy money.

    b. On or about June 4, 2014 he instructed this confidential informant to purchase heroin from plaintiff Martinez at 3047 N. Mascher Street.

2

  c. Following this conversation with the confidential informant, defendant Officer McCook conducted surveillance of 3047 N. Mascher Street on June 4, 2014.

  d.. During this surveillance defendant Officer McCook observed the confidential informant place a call to 267-439-3199 and engage in a drug related conversation.

  e. The confidential informant then approached 3047 Mascher Street and engaged in a brief conversation with plaintiff Martinez.

  f. Following this conversation, the confidential informant handed someone identified as plaintiff Martinez the pre-recorded buy money

  g. Defendant Officer McCook then placed this object (12 Ziploc packets each containing a substance later determined to be heroin) on property receipt #3152258.

9. At all times relevant on June 4, 2014 plaintiff Martinez was an inmate in the Philadelphia Prison System.

10. Defendant Officer McCook's sworn affidavit of probable cause averred that he observed plaintiff Martinez on June 4, 2014 give a confidential informant alleged heroin in exchange for pre-recorded buy money despite it being physically impossible for plaintiff Martinez to hand a confidential informant anything because he was incarcerated in the Philadelphia Prison System.

11. At all times relevant on June 4, 2014 plaintiff Martinez did not engage in any conversation with a confidential informant at 3047 Mascher or hand any drugs to a confidential informant.

12. Defendant Officer McCook's sworn affidavit of probable cause averred that Officer McCook provided the confidential informant with pre-recorded buy money, but upon information and belief Officer McCook never provided any pre-recorded buy money to the confidential informant.

13. As a direct result of defendant Officer McCook's intentional falsification of information within the affidavit of probable cause plaintiff Martinez was incarcerated within the Philadelphia Prison System for sixteen days until he made bail.

14. On or about October 7, 2014 plaintiff Martinez through his attorney Gerald B. Ingram Esq. filed a written notice of alibi in which he informed the Philadelphia District Attorney's office that it was physically impossible for plaintiff Martinez to have made the alleged June 4, 2014 sale because he was incarcerated in the Philadelphia Prison System at the time of the sale.

15. Despite this knowledge that it was impossible for plaintiff Martinez to have committed this crime, the City of Philadelphia through the District Attorney's Office continued to prosecute plaintiff Martinez, for this crime which never occurred.

16. Again on October 23, 2014 at plaintiff Martinez's pre-trial conference defendant Martinez through his attorney Gerald B. Ingram Esq. orally informed the Philadelphia District Attorney's Office that it was impossible for plaintiff Martinez to have made the alleged June 4, 2014 sale because he was incarcerated in the Philadelphia Prison System.

17.     On February 20, 2015 the District Attorney's Office requested a continuance of plaintiff Martinez's matter to further investigate the previously provided written notice of alibi.

18.     Despite knowledge that it was physically impossible for plaintiff Martinez to have committed the alleged June 4, 2014 sale the City of Philadelphia through the Philadelphia District Attorney's Office continued to prosecute plaintiff Martinez for this crime, which never occurred.

19.     For 15 months plaintiff Martinez was required to attend every court proceeding in CP-51-CR-0009928-2014, although he did not commit any of the crimes he was charged with.

20.     On September 10, 2015 all charges against plaintiff Martinez were Nolle Processed.

### COUNT I
### Luis Martinez v. City of Philadelphia
### (42 U.S.C. § 1983)

21.     Plaintiff, Luis Martinez avers and incorporates by reference all the preceding paragraphs as though fully set forth below.

22.     As a direct and proximate result of all defendants' conduct, committed under color of state law, plaintiff Luis Martinez was deprived of the right to be free from unlawful arrest and detention, unlawful search and seizure, malicious prosecution, the right to be secure in ones' person and property and to due process of law. As a result, the plaintiff suffered and continues to suffer harm in violation of his rights under the laws

and Constitution of the United States, in particular in the Fourth and Fourteenth Amendments, and 42. U.S.C. § 1983.

23.     Upon information and belief, defendant City of Philadelphia has known for at least two years prior to the acts alleged in this complaint that defendant Officer McCook had violated the rights of citizens under the federal constitution and the constitution of the Commonwealth of Pennsylvania yet failed to adequately discipline, supervise, and or train him.

24.     As a direct and proximate result of the acts of the defendant City of Philadelphia, plaintiff Martinez sustained injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

25.     Upon information and belief, the defendant City of Philadelphia knew or had reason to know prior to the acts alleged in this complaint that defendant Officer McCook and other members of the Narcotics Field Unit ("NFU") conducted illegal stops, searches, and falsified documents but continued with deliberate indifference to assign Officer McCook to duties that brought him into contact with citizens of Philadelphia.

26.     Upon information and belief, the defendant City of Philadelphia, knew or had reason to know that prior to the acts alleged in this complaint defendant Officer McCook was at best a problematic member of the police force but as a matter of custom and practice failed to closely supervise or discipline him.

27. Upon information and belief, the defendant City of Philadelphia, knew or had reason to know that prior to the acts alleged in this complaint that defendant Officer McCook, a veteran of the police force, had made illegal stops, searches, and falsified documents and yet continued as a matter custom and practice to assign him to the NFU where he continued to have numerous contacts with the public allowing him to violate the federal and state rights of citizens.

28. The stopping, pat down search, and seizure of plaintiff Martinez without probable cause and/or reasonable suspicion by defendant Officer McCook is a result of the defendant, City of Philadelphia's deliberate indifference by having a policy, practice, and/or custom of failing to monitor officers who have continually violated rights of citizens and placing those officers in positions where they can continue to violate those rights.

29. Defendant City of Philadelphia failed to properly sanction or discipline officers it was aware of and concealed and/or aided and abetted violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officer in this case, to violate the rights of citizens such as plaintiff's.

**WHEREFORE,** plaintiff, Luis Martinez, requests judgment in his favor and against the defendant, for compensatory damages in an amount in excess of $300,000.00, reasonable attorney's fees, costs, and such other relief as appears reasonable and just.

## COUNT II
## Luis Martinez v. Officer McCook
## (42 U.S.C. § 1983 - Illegal Seizure of Person)

30. Plaintiff, Luis Martinez avers and incorporates by reference all the preceding paragraphs as though fully set forth below:

31. Despite not being involved in any criminal activity nor doing anything of a suspicious nature plaintiff, was approached and denied his freedom without probable cause by defendant Officer McCook.

32. Plaintiff was subsequently detained at the Philadelphia Prison System where he was held from June 18, 2014 to July 4, 2014.

**WHEREFORE,** plaintiff, Luis Martinez, request judgment in his favor and against the defendant, for compensatory damages in an amount in excess $300,000.00 of reasonable attorney fees, costs, and such other relief as appears reasonable and just.

## COUNT III
## Luis Martinez v. Officer McCook
## (42 U.S.C. § 1983 - Illegal Search of Property)

33. Plaintiff, Luis Martinez avers and incorporates by reference all the preceding paragraphs as though fully set forth below:

34. Despite not being involved in any criminal activity nor doing anything of a suspicious nature plaintiff, was approached and denied his freedom without probable cause by defendant Officer McCook.

35. At the time of arrest on June 18, 2014 there was a search of plaintiff's property without probable cause.

## COUNT IV
## Luis Martinez v. Officer McCook
## (42 U.S.C. § 1983 - Illegal Search)

36. Plaintiff, Luis Martinez avers and incorporates by reference all the preceding paragraphs as though fully set forth below:

37. Plaintiff, Luis Martinez avers and incorporates by reference all the preceding paragraphs as though fully set forth below:

38. At the time of his arrest on June 18, 2014, plaintiff, Luis Martinez was searched without defendant Officer McCook having reasonable suspicion or probable cause.

**WHEREFORE,** plaintiff, Luis Martinez, request judgment in his favor and against the defendant, for compensatory damages in an amount in excess of $300,000.00 reasonable attorney fees, costs, and such other relief as appears reasonable and just.

## COUNT V
## Luis Martinez v. Officer McCook
## (False Imprisonment)

39. Plaintiff, Luis Martinez avers and incorporates by reference all the preceding paragraphs as though fully set forth below:

40. Defendant Officer McCook did illegally detain plaintiff on the street because he lacked probable cause.

41. As a result of his actions plaintiff suffered emotional harm.

9

**WHEREFORE,** plaintiff, Luis Martinez, request judgment in his favor and against the defendant, for compensatory damages in an amount in excess of $300,000. reasonable attorney fees, costs, and such other relief as appears reasonable and just.

### COUNT VI
### Luis Martinez v. Officer McCook
### (Abuse of Process)

42. Plaintiff, Luis Martinez avers and incorporates by reference all the preceding paragraphs as though fully set forth below:

43. Due to defendant Officer McCook's conduct, the District Attorney's Office initiated a criminal proceeding against plaintiff.

44. The subject criminal proceeding was concluded in favor of the plaintiff.

**WHEREFORE,** plaintiff, Luis Martinez, request judgment in his favor and against the defendant, for compensatory damages in an amount in excess of $300,000. reasonable attorney fees, costs, and such other relief as appears reasonable and just.

### COUNT VII
### Luis Martinez v. Officer McCook
### (42 U.S.C. § 1983 Malicious Prosecution)

45. Plaintiff, Luis Martinez avers and incorporates by reference all the preceding paragraphs as though fully set forth below:

46. By unlawfully arresting plaintiff causing the district attorney to file a criminal petition against plaintiff while knowing that he did not have probable cause and failing to inform the district attorney of this fact, defendant Officer McCook used the legal process for purposes it was not intended.

47. By continuing to prosecute plaintiff Martinez for a crime it knew he did not commit, defendant City of Philadelphia through the District Attorney's office used the legal process for purposes it was not intended.

48. Despite knowledge that it was physically impossible for plaintiff Martinez to have committed the alleged June 4, 2014 sale the City of Philadelphia through the Philadelphia District Attorney's Office continued to prosecute plaintiff Martinez for this crime, which never occurred.

49. For 15 months plaintiff Martinez was required to attend every court proceeding in CP-51-CR-0009928-2014, although he did not commit any of the crimes he was charged with.

50. On September 10, 2015 all charges against plaintiff Martinez were Nolle Processed.

51. Plaintiff Martinez lived and continues to live in fear that he will again be arrested and prosecuted by the defendant City of Philadelphia through the District Attorney's Office for a crime which he did not commit.

**WHEREFORE,** plaintiff, Luis Martinez, requests judgment in his favor and against the defendant, for compensatory damages in an amount in excess of $300,000. reasonable attorney fees, costs, and such other relief as appears reasonable and just.

By: s/ Gerald B. Ingram
Gerald Ingram, Esquire
Counsel for Plaintiff

Date: September 21, 2016

11